IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KISHEN WOODS, SR.,**

                **Petitioner,**

      v.                          CASE NO. 12-3094-SAC

**ALICE OSBURN,**

                **Respondent.**

MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is confined in the Sedgwick County Jail.

The court has examined the petition and takes judicial notice of the facts that petitioner is charged with first-degree murder and criminal possession of a firearm, that he was bound over for trial in January 2012,[1] and that the trial has been postponed.[2]

The petition does not identify any grounds for relief, nor does petitioner identify any action by the respondent, his defense attorney, beyond the notation that she represented him at the preliminary hearing.

The remedy under § 2254 allows a federal district court to review state criminal convictions to determine whether the

---

[1] *Wichita Eagle*, Jan. 18, 2012, 2102 WLNR 1162617.

[2] *Wichita Eagle*, May 7, 2012, 2012 WLNR 9595937.

petitioner is in custody in violate of the Constitution or laws or treaties of the United States. §2254(a). However, before a matter is suitable for review in habeas corpus, the petitioner ordinarily must pursue state court remedies and must present his claims to the state appellate courts, including the state supreme court. §2254(b)(1). This exhaustion requirement requires the petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because petitioner has not presented any claim that has been properly exhausted, the court will deny this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice.

IT IS FURTHER ORDERED the motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 7th day of June, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge